# SUPERIOR COURT

| | |
|---|---|
| Cesare Marianetti vs. Walter L. Clarke, C. T. | No.59793 |
| Guiseppe Gemma et al vs. Walter L. Clarke, C. T. | No.59794 |
| Tomassi Lanzi vs. Walter L. Clarke, C. T. | No.59795 |
| Geoffrey Miller et al vs. Walter L. Clarke, C. T. | No.59792 |

RESCRIPT.

December 17, 1924.

TANNER, P. J. The above cases were heard together.

The action is trespass on the case against the city of Provideence for licensing a nuisance. It is alleged that the city licensed the Rhode Island Fireworks Company to keep, store and manufacture fireworks and explosives at 22 Liba street, situated in a congested and residential neighborhood contiguous and adjacent to dwelling-houses and a common and public street and highway; that said business was then and there intrinsically dangerous and constituted a public nuisance known to be such by the city of Providence; that said Rhode Island Fireworks Company, in pursuance of said license, manufactured and stored and kept on their premises explosive powder, fireworks, bombs and other kinds of explosives; that on the 26th of May, 1923, a violent explosion of said named explosives occurred on said premises causing great damage to the plaintiff's property.

The cases are heard upon demurrer to the declarations.

It is a thoroughly established principle that a municipality is not liable for what it does while exercising governmental functions unless expressly made liable by statute. When acting in its properietary or private capac-

ity in relation to its own property or for ts own benefit, it may be liable.

1st Dillon, Municipal Corporations, S. 109, 5th ed.

Blair vs. Granger, 24 R. I. 17; ·

Hill vs. Boston, 122 Mass. 344.

There is a line of cases that holds that a municipality may be liable for licensing a nuisance .per se or something that is intrinsically dangerous. In reading these cases we have discovered no distince rationale of decision. They say simply that a municipality can not escape liability for licensing a nuisance per se upon the ground that it is exercising a governmental function. If this means that it is not a governmental function to license a nuisance per se, it seems to us to follow that such licensing would be merely ultra vires and beyond the power of the municipality. For such acts the municipality is not liable.

It certainly can not be said that the municipality is acting in its private capacity in any way for its own benefit in licensing a nuisance per se. It is only where the municipality creates a nuisance upon its own private property or in some way for its own private benefit that it could be liable. In licensing a nuisance per se |a municipality confers no immunity upon the licensee. The licensee is just as liable to action for maintaining a nuisance as if he had no license. A license is a mere exercise of police power.

We therefore see no good ground for following the decisions which hold a municipality liable for licensing a nuisance per se, but prefer to follow the cases which are based upon a well established and rational principle.

The demurrers are therefore sustained.

For Plaintiff: O'Shaunessey and Cannon, Peter J. Cannon.

For Defendant: Elmer S. Chase and Herbert E. Eklund.